**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION**
Civil Action No. 7:15-cv-220-D

| | |
|---|---|
| BAYVIEW LOAN SERVICING, LLC, | |
| Plaintiff, | |
| vs. | |
| CAROLYN LOCKLEAR, LENNIE LOCKLEAR A/K/A LINNIE LOCKLEAR, MERITAGE MORTGAGE CORPORATION, LUMBEE GUARANTY BANK, THE UNITED STATES OF AMERICA ACTING THROUGH ITS AGENCY THE INTERNAL REVENUE SERVICE and THE NORTH CAROLINA DEPARTMENT OF REVENUE, | |
| Defendants. | |

**PLAINTIFF BAYVIEW LOAN SERVICING, LLC'S RESPONSE IN OPPOSITION TO
DEFENDANT THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff, Bayview Loan Servicing, LLC ("Bayview" or "Plaintiff"), responds in opposition to Defendant the United States' Motion for Summary Judgment (Dkt. Entries 21-22). Plaintiff respectfully refers this honorable Court to Plaintiff's Response to Defendant the United States Statement of Undisputed Material Facts in Support of the United States' Motion for Summary Judgment filed herewith, and shows the Court the following:

## PROCEDURAL HISTORY

Plaintiff filed its Complaint in the Robeson County, North Carolina Superior Court, seeking to correct the misspelling of a grantor's name in a deed and for a judgment declaring that the deed was a valid conveyance, to reform the legal description in a Deed of Trust and for a judgment declaring that Defendants Carolyn and Lennie Locklear are the title owners of the

Property subject to the first lien position of the Plaintiff, for a judgment declaring the liens of Defendant Meritage Mortgage Company and Defendant The United States subordinate to the Plaintiff's Deed of Trust, for an order allowing for judicial foreclosure of the Subject Property pursuant to the reformed Deed of Trust, and for a judgment against Defendants Locklear and in favor of Plaintiff for breach of contract (Dkt. Entry 1-1).

The Defendant North Carolina Department of Revenue does not oppose the relief sought by the Plaintiff (Dkt, Entry 17), and Defendants Carolyn Locklear, Lennie Locklear and Meritage Mortgage (Dkt. Entry 19) have defaulted by failing to answer or otherwise respond to the Complaint. Defendant The United States opposes Plaintiff's requests for relief and on September 12, 2016, Defendant The United States filed a Motion for Summary Judgment (Dkt. Entry 21).

## STATEMENT OF THE CASE

The Court should deny Defendant the United States ("Defendant USA") Motion for Summary Judgment and grant Plaintiff the relief requested in the Complaint. The incorrect legal description in the Deed of Trust was a mutual mistake of the parties and a mistake of the draftsman. Parol evidence is admissible in an action to reform a deed that due to mutual mistake of the parties or a mistake of the draftsman does not reflect the true intentions of the parties. The mistake was discovered by Plaintiff less than three years prior to the filing of the Complaint and is not barred by the statute of limitations.

## STANDARD OF REVIEW

Summary judgment should be granted where the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). While the Court must assess the evidence and draw all

permissible inferences in the non-moving party's favor, the non-moving parties "must nevertheless make a sufficient showing on each element of [their] claim such that as jury could reasonably find in [their] favor." *Moore v. J.P. Stevens & Co., Inc.*, 957 F. Supp. 82, 84 (D.S.C. 1997), *aff'd*, 133 F.3d 916 (4th Cir. 1998).

As the party opposing summary judgment in the instant case, Plaintiff Bayview may not rest on mere allegations or denials. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986), but must produce "significant probative evidence tending to support the complaint" or provide "specific facts showing that there is a genuine issue for trial." *Id.* at 248-49, 106 S. Ct. at 2510, *citing*, *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 290, 88 S. Ct.1575, 1593 (1968).

Non-movant Plaintiff Bayview can meet its burden.

## ARGUMENT

I.  **PLAINTIFF BAYVIEW IS ENTITLED TO REFORMATION, DECLARATORY JUDGMENT AND FORECLOSURE.**

   A.  **Plaintiff Bayview's Deed of Trust does not unambiguously describe the Shannon Heights Property only and under North Carolina law, the Deed of Trust can be reformed.**

The subject Deed of Trust does not unambiguously describe the Shannon Heights Property only. There are two references to the Fodiesville Road Property in the subject Deed of Trust; the first is at the end of the language describing, admittedly, the Shannon Heights Property, which provides as follows:

> Property Address:(for informational purposes only)
> 508 Fodiesville Rd.
> Shannon, NC 28386

*See* Appendix of Documents Supporting Bayview Loan Servicing LLC's Statement of Undisputed Facts ("Bayview's Appendix"), p. 22.  The Fodiesville Road Property address is

again set out again underneath, …" which currently has the address of 508 Fodiesville Rd., Shannon, North Carolina 28386." *Id.* The Deed of Trust also refers to the underlying Note (*Id.*, p. 21), which unequivocally reflects it is secured by the Fodiesville Road Property See Appendix of Documents Supporting United States' Statement of Undisputed Facts ("United States' Appendix"), p. 22; Defendants Locklear's loan application and other closing documents also show that the purpose of the loan was to refinance the Meritage Deed of Trust and renovate the Fodiesville Road Property, and that the refinance was to be secured by the Fodiesville Road Property. Furthermore, as shown by the HUD-1 Settlement Statement, proceeds from the loan were used to pay off the loan evidenced by the Meritage Deed of Trust. *See* Bayview's Appendix pp. 39-40.

Plaintiff Bayview agrees with Defendant USA that reformation is an equitable remedy whereby the court can reform a deed to make to conform to the true intention of the parties. *In re Law Developers, LLC,* 404 B.R. 136, 139 (Bankr. E.D.N.C. 2008). Plaintiff also agrees that the party seeking reformation must provide clear, cogent and convincing evidence that the writing or instrument does not reflect the parties' original intentions. *Light v. Equitable Life Assurance Society of the U.S.,* 56 N.C.App. 26, 32-33, 286 S.E.2d 868 (1982).

However, Plaintiff Bayview disagrees with Defendant USA's claim that the Deed of Trust unambiguously describes the Shannon Heights Property only, and also disagrees with Defendant USA's claim that Plaintiff Bayview cannot provide evidence to show the true intention of the parties to the Deed of Trust - that the Fodiesville Road Property was intended to be conveyed as security, not the Shannon Heights Property.

The case cited by Defendant USA, *In re Meade,* Bankruptcy No. 09–11148–8–JRL, Adversary No. 10–00280–8–JRL, 2011 WL 5909398 (Bankr. E.D.N.C. July 29, 2011) **(attached**

**as Exhibit A),** is a bankruptcy case where the debtor in possession was attempting to avoid liens on certain property due to an incorrect legal description under the theory that a debtor in possession ("DIP"), under *11 U.S.C. § 544(a)(1)* can avoid liens, given his bona fide purchaser status under the bankruptcy code. In fact, the *Meade* court expressly stated the following, "Constructive notice of a defect in the title does not influence the analysis of whether a DIP pursuant to § 544(a)(1) can avoid an interest in the property when acting as a hypothetical lien creditor. As such, the issue of whether the inclusion of '228 Shawnee Drive' which conflicts with Lot 979 would put a reasonable title searcher on notice of a defect need not be addressed." Therefore, *Meade* is inapplicable here. In the other case cited by Defendant USA, *Peterson v. Polk-Sullivan, LLC,* 206 N.C.App. 756, 698 S.E.2d 514 (2010), the issue was an ownership dispute. Summary judgment was granted to the defendant, Polk-Sullivan, because "… none of the cases referenced by the Petersons provide that the trial court should refer to a deed description or allow the parties' intentions to control over a clearly referenced plat description."

In *Matter of Commerford*, Case No. 14-50218; Adversary Proceeding No. 14-6019, 2016 WL 3964908 (Bankr. M.D.N.C. July 18, 2016) **(attached as Exhibit B),** the borrowers (the "Commerfords") refinanced an earlier loan with Caliber Home Loans. The deed of trust noted the street address of improved property intended to be secured, but the legal description, was for an adjacent vacant lot also owned by the Commerfords. The Commerfords, during a bankruptcy, filed an Adversary Proceeding, alleging that Caliber did not have any interest in the Subject Property due to an incorrect legal description in its deed of trust, even though it was undisputed that the Commerfords were securing the refinance with the improved property and proceeds from the refinance were used to pay off the prior deed of trust. Caliber denied the allegations and filed a counterclaim for reformation, and both parties filed motions for summary judgment. The

*Commerford* court ruled that there was no issue of fact regarding the intended security; therefore, the deed of trust did not reflect the true intent of the parties, and the failure to include a material term (the correct description of the security) constituted a mutual mistake of the parties; and ordered the reformation relating back to the date of the recording of the Deed of Trust. *Id.* *3.

Where a legal instrument does not express the true intentions of the parties due to mutual mistake or the mistake of the draftsman, reformation is available. *Wells Fargo Bank, N.A. v. Coleman,* 768 S.E.2d 604, 611 (N.C. App. Feb. 3, 2015), *citing McBride v. Johnson Oil & Tractor Co.,* 52 N.C.App. 513, 515, 279 S.E.2d 117, 119 (1961). "A mutual mistake is one shared by both parties to the contract, 'wherein each labors under the same misconception respecting a material fact, the terms of the agreement, or the provisions of the written instrument designed to embody such agreement." *Id.* at 611, *citing Metropolitan Property and Cas. Ins. Co. v. Dillard,* 126 N.C.App. 795, 798, 487 S.E.2d 157, 159 (1997). The party seeking reformation must prove the existence of the mutual mistake by "clear, cogent and convincing evidence." *Coleman* at 611, *citing Hice v. Hi-Mill, Inc.,* 301 N.C. 647, 651, 273 S.E.2d 268, 270 (1981) and *Durham v. Creech,* 32 N.C.App. 55, 59, 231 S.E.2d 163, 166 (1977).

Generally, the parol evidence rule prevents the introduction of evidence of prior or contemporaneous agreements that contradict or add to the terms of a clear and unambiguous contract. *Drake v. Hance,* 195 N.C.App. 588, 591, 673 S.E.2d 411, 413 (2009). However, in an action to reform a deed on the grounds of mutual mistake, parol evidence is admissible to show that due to mutual mistake, the deed does not reflect the intentions of the parties, because mistake, fraud, surprise and accident are exceptions to the parol evidence rule. *Hubbard and Co. v. Horne,* 203 N.C. 205, 165 S.E. 347, 349 (1932), *citing Lee v. Charitable Brotherhood,* 191 N.C. 359, 131 S.E. 729, 730 (1926).

In this case, another piece of parol evidence that the United States does not mention in its brief that deserves mentioning here, is what happened to the land that was described in the Deed of Trust at issue. As stipulated by both parties, the property description in the Deed of Trust at issue is for the Shannon Heights Property. *See* United States' Appendix, pp. 24-31. On April 15, 2015, the Defendants Locklear sold the Shannon Heights Property. *See* Bayview's Appendix pp. 43-45. The Defendants Locklear have not used consideration from that sale to pay Bayview. At this stage of the litigation, this is evidence that the Locklears did not see the Deed of Trust at issue as attaching to the Shannon Heights property and implies that the Deed of Trust attaches to the Fodiesville Road Property.

Both the four corners of the Deed of Trust at issue, plus the parol evidence give clear evidence that the Defendants Locklear intended to give Bayview an interest in the Fodiesville Road Property. Under recent North Carolina law, this would entitle Bayview to a reformation of the Deed of Trust at issue and would dictate the United States' motion for summary judgment be denied.

## B.     Plaintiff Bayview is not barred by the statute of limitations.

Plaintiff agrees with Defendant USA that an action for relief based on mistake must be brought within three years "from the discovery of the mistake, or when [the mistake] should have been discovered in the exercise of due diligence. *Lee v. Rhodes,* 231 N.C. 602, 602, 58 S.E.2d 363 (1950); *Hyde v. Taylor,* 70 N.C.App. 523, 528, 320 S.E.2d 904 (1984). Usually, mistake or fraud is not apparent on the face of a deed or in the registry, and neither the deed nor the registry imparts or necessarily suggests notice. *Stancill v. Norville,* 203 N.C. 457, 166 S.E. 319, 321 (1932). Plaintiff also agrees with Defendant USA that the three-year statute of limitations begins to run when the party alleging mistake had reason to review the accuracy of its security

instrument. In the case of *Hice v. Hil-Mil, Inc.,* 301 N.C. 647, 273 S.E.2d 268 (1981), the plaintiff discovered a legal description error seven years after the deed was executed. The North Carolina Supreme court rejected the three-year statute of limitations argument set forth by the defendants, who claimed the mistake should have been discovered sooner, finding that the statute began running when the plaintiff discovered the mistake during a title search conducted while she was preparing to sell the property.

The statute of limitations for claims based on mutual mistake "begins to run from the discovery of the mistake, or when it should have been." The case cited by Defendant USA for the proposition that when a deed of trust is assigned from one entity to another, the assignor's failure to discover an alleged mistake may be imputed to the assignee for purposes of commencing the statute of limitations, *In re Sea Horse Realty & Constr.,* Bankruptcy No. 11–07223–8–JRL, No. 11–00377–8–JRL, 2013 WL 412928 (Bankr. E.D.N.C. Feb. 1, 2013) (attached as Exhibit is inapplicable here. In that case, the grantor of the deed of trust was obviously not the owner of the property – the mistake was open and obvious. In the case at bar, the grantors own two properties, both in the same county. The Deed of Trust [Doc. 24, Pgs. 24-31], the underlying Note [Doc. 24, Pgs. 22-23], the HUD-1 Settlement Statement [Doc. 1-1, Pgs. 43-48] and other documents list the same address for the secured property. The Deed of Trust was assigned from ABN Amro to MERS, then from MERS to Chase and then from Chase to Plaintiff Bayview. The Assignment to MERS and the Assignment to Plaintiff Bayview both list the street address of the Property on their face. [Doc. 24, Pgs. 32-35]. That fourteen years passed from the date of origination until a lawsuit was filed to correct the mistake is evidence that the mistake was not obvious. As Defendant USA stated in its Memorandum [Doc. 22, Page 15], "… the three-year limitations period begins to run when the party alleging a mistake had

reason to review the accuracy of its security instrument."  The Security Deed and underlying Note were assigned to Plaintiff Bayview on or about September 6, 2014, and Bayview discovered the mistake and filed its Complaint on July 30, 2015 – less than three years after it acquired the loan.

### C.     Defendant USA will not be prejudiced by the reformation.

As a general rule, reformation will not be granted if the rights of an innocent purchaser would be prejudiced thereby. *Fifth Third Mortgage Co. v. Miller,* 202 N.C.App. 757, 761, 690 S.E.2d 7, 10 (2010).   On March 26, 1999, to secure a Note, Defendants Locklear gave a deed of trust to Meritage Mortgage, conveying the Property as security.  The Meritage Deed of Trust was recorded on March 31, 1999, in Book 1051, Page 891.  On or about November 15, 2001, Defendants Locklear refinanced the Meritage Deed of trust and gave a Note and the subject Deed of Trust to ABN Amro.  The ABN Deed of Trust was recorded on January 29, 2002, in Book 1211, Page 565.  Although the Meritage Deed of Trust was paid in full by the proceeds of the loan with ABN, Meritage never recorded a satisfaction of the Meritage deed of trust; therefore, when Defendant USA filed its liens on July 27, 2009, and June 7, 2011, the Property was encumbered of record by the Meritage Deed of Trust.   Defendant USA is not a bona fide purchaser for value without notice; but even if it were, if reformation is granted, and such reformation relates back to the date the ABN Deed of Trust was recorded, Defendant USA will be in the same position as it was when it filed its liens, and will suffer no prejudice from the reformation.

The dispute here is not between two parties competing for ownership or a borrower attempting to avoid a lien – by failing to answer or otherwise respond to Plaintiff Bayview's Complaint, the borrowers in this case, Defendants Locklear, have admitted that the Fodiesville

Road Property was intended to be encumbered, and there is a plethora of evidence to support that fact – the only party disputing that is Defendant USA, who is not a party to the Deed of Trust. Defendant USA's dispute with Plaintiff Bayview is a third party dispute over lien priority – reformation of the Deed of Trust by incorporation of the correct legal description due to a mutual mistake of the parties or a mistake of the draftsman is irrelevant to the lien priority dispute between Plaintiff Bayview and Defendant USA.

Defendant USA is not a party to the Deed of Trust. Defendant USA's argument, that Plaintiff Bayview cannot go outside the four corners of the Deed of Trust and admit parol evidence showing that the Fodiesville Road Property was the property intended to be encumbered, should be rejected by the Court, and Defendant USA's Motion for Summary Judgment should be denied.

Respectfully submitted this 3rd day of October, 2016.

BROCK & SCOTT, PLLC

By:    */s/Franklin Greene*
Franklin Greene, NC Bar #37896
Brock & Scott, PLLC
5121 Parkway Plaza Blvd.
Charlotte, NC 28217
704-643-0290 x1011 (Phone)
704-553-7225 (Fax)
Franklin.Greene@BrockandScott.com
*Attorney for Plaintiff*

BAYVIEW LOAN SERVICING, LLC,

        Plaintiff,

vs.

CAROLYN LOCKLEAR, LENNIE
LOCKLEAR A/K/A LINNIE
LOCKLEAR, MERITAGE MORTGAGE
CORPORATION, LUMBEE GUARANTY
BANK, THE UNITED STATES OF
AMERICAN ACTING THROUGH ITS
AGENCY THE INTERNAL REVENUE
SERVICE and THE NORTH CAROLINA
DEPARTMENT OF REVENUE,

        Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on October 3rd, 2016, a copy of the foregoing pleading, with any and all attachments, was filed electronically with the clerk of court via ECF and served via First-Class Mail, postage prepaid, addressed to:

C. Michael Anderson, Esq.        Carolyn Locklear
Assistant U.S. Attorney        508 Fodiesville Rd.
Federal Bldg., Ste. 800        Shannon, NC 28386-6032
310 New Bern Ave.
Raleigh, NC 27601        Meritage Mortgage Corp.
        c/o CT Corporation System, Registered Agent
Lennie Locklear        225 Hillsborough Street
508 Fodiesville Rd.        Raleigh, NC 27603
Shannon, NC 28386-6032

Lumbee Guaranty Bank                    Ronald D. Williams, II
c/o Larry R. Chavis                     Assistant Attorney General
403 East Third St.,                     P.O. Box 629
Pembroke, NC 28372                      Raleigh, NC 27602-0629


Lumbee Guaranty Bank                    North Carolina Dept. of Revenue
P.O. Box 908                            Legal Processing
Pembroke, NC 28372                      P.O. Box 871
                                        Raleigh, NC 27602-0871


This 3rd day of October, 2016.


                                        /s/ Franklin Greene
                                        Franklin Greene, NC Bar # 37896
                                        Brock & Scott, PLLC
                                        5121 Parkway Plaza Blvd.
                                        Charlotte, NC  28217
                                        704-643-0290 x1011 (Phone)
                                        704-553-7225 (Fax)
                                        Franklin.Greene@BrockandScott.com
                                        *Attorney for Plaintiff*